[Cite as *State v. McRae*, 2026-Ohio-2631.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 0111 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2022-CR-0800N |
| CHARLES MCRAE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 9, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Kevin W. Popham, Judges

**APPEARANCES:** Jodie M. Schumacher, Richland County Prosecuting Attorney, Michelle Fink, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Charles A. McRae, Pro Se, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1}  Appellant Charles McRae appeals the November 13, 2025 Judgment Entry entered by the Richland County Court of Common Pleas, which denied his motion to withdraw his guilty plea. Appellee is the State of Ohio. For the reasons set forth below, we affirm.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 19, 2022, Appellant forced entry into his sister's home and assaulted her. As a result of the assault, Appellant's sister sustained serious injuries, including a broken arm and fractures requiring surgical repair with plates and screws. The assault was captured on the home's Ring camera system. *State v. McRae*, 2024-Ohio-5401 (5th Dist.) ("*McRae II*").

{¶3} On January 5, 2023, the Richland County Grand Jury indicted Appellant on one count of aggravated burglary, a felony of the first degree; two counts of kidnapping, felonies of the first degree; and one count of felonious assault, a felony of the second degree. Each count included a repeat violent offender ("RVO") specification. Appellant was also charged with domestic violence, criminal damaging or endangering, and criminal mischief, all misdemeanors of the first degree. Appellant appeared before the trial court on March 19, 2023, and entered guilty pleas to all counts in the Indictment. The trial court ordered a presentence investigation and scheduled the matter for sentencing.

{¶4} The matter came for sentencing on June 22, 2023. The trial court merged several counts, and the State elected to proceed on Counts 1, 2, and 4—aggravated burglary, kidnapping, and felonious assault. The trial court imposed a prison term of 10 to 15 years on Count 1 (aggravated burglary), a prison term of 3 years on Count 2 (kidnapping), a prison term of 5 years on Count 4 (felonious assault), and a 2-year term for the RVO specification, for an aggregate indefinite sentence of 20 to 25 years.

{¶5} Appellant appealed to this Court, raising two assignments of error: (1) the trial court erred in designating him a repeat violent offender, and (2) he was denied effective assistance of counsel. *State v. McRae*, 2024-Ohio-922 (5th Dist.) ("*McRae I*"). This Court found

the trial court erred in imposing less than the maximum minimum sentence for aggravated burglary. We further found the trial court erred in imposing a sentence on the RVO specification without first imposing the maximum sentence on the underlying offense, as required by R.C. 2929.14. Although we upheld Appellant's convictions and the trial court's RVO designation, we remanded the matter for resentencing.

{¶6} On remand, the trial court appointed counsel and scheduled a resentencing hearing for April 5, 2024. The court imposed a prison term of 11 to 15 years on Count 1 (aggravated burglary), a prison term of 3 years on Count 2 (kidnapping), a prison term of 4 years on Count 4 (felonious assault), and a 2-year term for the RVO specification, for an aggregate indefinite sentence of 20 to 25.5 years.

{¶7} Appellant again appealed to this Court, raising five assignments of error: (1) the trial court failed to make findings required by R.C. 2929.14(C)(4) when imposing consecutive sentences; (2) the trial court failed to conduct a hearing on his presentence motion to withdraw his plea; (3) the failure to conduct a hearing violated his constitutional rights; (4) the State suppressed exculpatory medical records; and (5) the trial court failed to consider lesser-included offenses. *State v. McRae*, 2024-Ohio-5401 (5th Dist.) ("*McRae II*"). This Court affirmed Appellant's conviction and sentence. *Id*.

{¶8} On December 3, 2024, Appellant filed a motion for reconsideration, which this Court denied on December 13, 2024. Appellant filed a motion for delayed appeal to the Ohio Supreme Court of Ohio, which the Supreme Court denied on June 30, 2025. *State v. McRae*, 2025-Ohio-1846. Appellant filed a motion requesting public records from the Richland County Clerk of Courts on February 20, 2025. However, because Appellant failed to include the case number, the motion was not filed in his criminal case. On March 10, 2025, the trial

court denied the motion. Appellant appealed that decision to this Court (Case No. 25-CA-19). Later, Appellant moved to stay the appeal. The State subsequently filed a motion to dismiss for failure to prosecute. On July 28, 2025, this Court denied the motion to stay, and on August 6, 2025, dismissed the appeal for want of prosecution.

{¶9} On June 16, 2025, Appellant filed a pro se motion for leave to file a petition for postconviction relief pursuant to R.C. 2953.21, as well as the petition itself. Neither filing included affidavits or evidentiary materials. On July 2, 2025, Appellant filed motions for appointment of counsel and for expert assistance. Via Judgment Entry filed August 28, 2025, the trial court, without conducting a hearing, denied Appellant's motion for leave to file a petition for postconviction relief, as well as his motions for appointment of counsel and expert assistance. In an eighteen-page decision containing findings of fact and conclusions of law, the trial court found Appellant's petition was untimely and his claims were barred by res judicata because the claims either were, or could have been, raised on direct appeal.

{¶10} Appellant appealed to this Court, raising 5 assignments of error: (1) ineffective assistance of counsel for failing to object to the imposition of separate sentenced for allied offenses; (2) the trial court failed to maintain a complete record of all proceedings due to an inadequate recording device; (3) ineffective assistance for recommending Appellant plead guilty to the RVO specification; (4) ineffective assistance for advising him to turn down the State's plea offer of 10 years; and (5) the trial court lacked jurisdiction to accept Appellant's guilty plea as his competency to stand trial was in question. This Court overruled all 5 assignments of error, finding Appellant failed to satisfy the jurisdictional requirements of R.C. 2953.23(A) as he did not demonstrate the was unavoidably prevented from discovering the facts underlying his claims, nor did he rely on a newly recognized retroactive constitutional

right. *State v. McRae*, 2026-Ohio-1463, ¶ 43 (5th Dist.). This Court also found Appellant's claims were barred by res judicata. *Id.*

{¶11} On October 20, 2025, Appellant filed a motion to withdraw his guilty plea, which the trial court denied via Judgment Entry filed November 13, 2025.

{¶12} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. TRIAL COUNSEL FAILED TO INFORM THE STATE THAT APPELLANT HAD ACCEPTED AND SIGNED THE STATE'S ORIGINAL PLEA OFFER. THEREAFTER AFFIRMATIVELY MISLED APPELLANT INTO REJECTING THE OFFER BY PROMISING AN EVEN BETTER DEAL THAT NEVER MATERIALIZED. [SIC] WHICH VIOLATED APPELLANT [SIC] DUE PROCESS RIGHTS.

II. THE TRIAL COURT VIOLATED APPELLANT [SIC] CONSTITUTIONAL RIGHTS WHEN RULING ON THE DECISION. HE DID NOT USE THE CORRECT STANDARD IN RULING ON THE 32.1 AND CRIM. [SIC] 11(F) MOTION. THE JUDGE FAILED TO DETERMINE IF IT WAS A PRE-SENTENCE MOTION OR POST-SENTENCE MOTION BY NOT MAKING THAT DETERMINATION WHEN DECIDING THE 32.1 MOTION. THE JUDGE ABUSE [SIC] IN [SIC] DISCRETION IN DENYING THE MOTION.

III. THE TRIAL COURT FAILED TO EMPLOY AND ADEQUATE RECORDING DEVICE TO MAINTAIN A COMPLETE RECORD OF ALL PROCEEDINGS THEREBY DENYING APPELLANT HIS CONSTITUTIONAL RIGHT AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND CRIM. R. 22.

IV. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. [SIC] WHICH VIOLATED HIS CONSTITUTIONAL RIGHTS.

{¶13} Although Appellant has filed this appeal pro se, he, nevertheless, "like members of the bar," is "required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). "[A]n appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." (Internal quotations omitted.) *State v. Richard*, 2005-Ohio-6494, ¶4 (8th Dist.) In a pro se action, this Court will allow latitude to the unrepresented defendant in the presentation of his case, however, "a substantial disregard of the whole body of these rules cannot be tolerated." *Wellington v. Mahoning Cty. Bd. of Elections*, 2008-Ohio-554, ¶ 18.

{¶14} Furthermore, this Court does not have discretion and must disregard facts, arguments, or evidence presented in the appellate brief when those facts, arguments, or evidence were not presented to the trial court. "[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings and then decide the appeal

on the basis of the new matter." (Internal citation omitted.) *State v. Hooks*, 2001- Ohio 150. New material and factual assertions contained in any brief in this court may not be considered. See *N. v. Beightler*, 2006-Ohio-6515, ¶ 7, quoting *Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16. Therefore, we have disregarded facts in the parties' briefs, and exhibits attached to those briefs, which are outside of the trial court record. *State v. Stevens*, 2023-Ohio-2736, ¶ 16 (5th Dist.).

## I, II, III, IV

{¶15} Crim. R. 32.1 governs the withdrawal of guilty pleas and provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Crim. R. 32.1.

{¶16} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *State v. Smith*, 49 Ohio St.2d 261, paragraph two of the syllabus (1977). Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard. *Id.*; *State v. Straley*, 2019-Ohio-5206, ¶ 15.

{¶17} A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *Id.* at paragraph

one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," which is "evidenced by an extraordinary and fundamental flaw in a plea proceeding." (Internal citation omitted.) *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.). The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith*, supra at 264.

{¶18} Res judicata bars a defendant from raising claims in a Crim. R. 32.1 post-sentence motion to withdraw a guilty plea which he raised or could have raised on direct appeal. *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. In the instant case, Appellant could have raised his claims on direct appeal. Having failed to do so, we find his claims are barred by res judicata.

{¶19} Alternatively, we find the trial court did not have jurisdiction to consider Appellant's Crim.R. 32.1 motion. In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978), the Ohio Supreme Court of Ohio explained:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.
>
> (Emphasis added.) *Id*. at 97-98.

{¶20}   As noted in our Statement of the Facts and Case, *supra*, Appellant filed a direct appeal from his original sentence.  *State v. McRae*, 2024-Ohio-922 (5th Dist.).  Appellant also filed an appeal from his resentencing following our remand.  *State v. McRae*, 2024-Ohio-5401 (5th Dist.).

{¶21}   Based upon the foregoing, Appellant's first, second, third, and fourth assignments of error are overruled.

{¶22}   The judgment of the Richland County Court of Common Pleas is affirmed.

{¶23}   Costs to Appellant.


By: Hoffman, P.J.

Baldwin, J. and

Popham, J. concur.